ANDREW N. SLOYAN AND MARILYN H. SLOYAN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Sloyan v. Commissioner
Docket No. 24693-83.
United States Tax Court
T.C. Memo 1985-41; 1985 Tax Ct. Memo LEXIS 588; 49 T.C.M. (CCH) 601; T.C.M. (RIA) 85041; January 28, 1985
Andrew N. Sloyan, pro se. Thomas J. Kane, for the respondent. TANNENWALD
*601 MEMORANDUM FINDINGS OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a definciency of $746 in petitioners' Federal income tax for the taxable year ended December 31, 1980. After concessions by both parties, the only issue remaining for decision is whether petitioners are entitled to deduct, as an ordinary and necessary business expense under section 162 [1], $620 representing amounts expended for "house *602 *589 dues" to the "cooking club" of the firehouse where petitioner, Andrew N. Sloyan, was stationed. FINDINGS OF FACT Petitioners, husband and wife, resided in Chicago, Illinois at the time they filed their petition herein. They timely filed a cash-basis, joint Federal income tax return for the taxable year ended December 31, 1980. Since May 1, 1966 and throughout 1980, petitioner, Andrew N. Sloyan (hereinafter "Sloyan"), was employed as a firefighter by the Fire Department of the City of Chicago. A normal work shift during 1980 for a Chicago firefighter consisted of a continuous 24-hour period of time beginning at 8:00 a.m. During the course of a work-shift, a firefighter was not permitted to leave his fire station for personal business (including the obtaining of meals), except in the case of the individual firefighter designated as the cook, who was permitted to leave the fire station to do grocery shopping. A firefighter would have a continuous 48-hour time period off of work after each 24-hour shift worked. During 1980, Sloyan participated in the cooking *590 club at his firehouse station and made cash payments totaling $620, as contributions or "house dues" to the club. Participation in the cooking club and contributions thereto by way of payment of "house dues" were not required by any ordinance of the City of Chicago or by any rule or regulation of the Chicago Fire *3 Department. However, for many years prior to and including 1980, it was customary for firefighters to participate in cooking clubs and to make contributions thereto as a means of obtaining meals while on duty. A letter of understanding regarding cooking clubs, appended to the labor contract between the Chicago Fire Fighters Union and the City of Chicago, covering the period January 1, 1982 through December 31, 1983, confirmed this custom. [2]
OPINION The deductibility of contributions to firefighters' messes turns upon whether the taxpayer was required to participate in the mess *591 or to contribute thereto, irrespective of participation. ; . It is clear from the record herein that Sloyan was not subject to any such requirement. That it was customary for Chicago firefighters to participate in cooking clubs and that such participation in cooking clubs was of benefit to the functioning of the Chicago Fire Department are separate considerations and are insufficient to justify the allowance of a deduction for Sloyan's contributions. *4 The instant case falls within the ambit of , and is distinguishable from the situation encompassed by , [3] upon which petitioners rely and where this Court followed its prior holdings in , and , both affirmed sub nom. . The absence of a requirement of payment, whether Sloyan accepted or declined the meals, also precludes petitioners *592 from obtaining the benefits of section 119(b)(3), added to the Internal Revenue Code by Pub. L. 95-427, 92 Stat. 996. See also statement by Senator Russell Long, 124 Cong. Rec. 23,883 (daily ed. Aug. 2, 1978).
To reflect the conclusion herein and the concessions of the parties, Decision will be entered under Rule 155.
Footnotes
1. All references are to the Internal Revenue Code of 1954, as amended and in effect during the taxable year at issue.↩
2. The Court overruled respondent's objection to the admission of this document on the grounds of relevancy and materiality. The testimony of petitioners' witness clearly indicated that the letter of understanding reflected a long standing custom and was in effect during 1980.↩
3. In that case, unlike the instant case, the rules of the Louisville Fire Department required↩ participation in the mess and payment for the mess, even if the firefighters did not eat the meals.